```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/19/13
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
KRISPY KREME DOUGHNUT CORPORATION, et ano.,

        Plaintiffs,

    -against-                10 Civ. 4272 (LAK)

SATELLITE DONUTS, LLC, et al.,

        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

## ORDER

LEWIS A. KAPLAN, *District Judge.*

    On March 10, 2011, the Court granted the plaintiffs' motion for a default judgment to the extent of directing the entry of judgment by default as against defendants McCourt and Walters and judgment against defendant Satellite Donuts, LLC ("Satellite") on consent of its bankruptcy trustee and referred the matter to a magistrate judge for an inquest. Following further proceedings, Magistrate Judge Kevin Nathaniel Fox issued a report and recommendation, dated July 22, 2011 (the "First R&R"), in which he recommended that the Court adjudicate certain unresolved claims against defendant Satellite Donuts, LLC ("SD") and defer the inquest until that takes place. Plaintiffs objected in limited respects to the R&R. The Court then sustained plaintiffs' objections and directed the magistrate judge to proceed with the inquest based on plaintiffs' April 11, 2011 submissions and the Court's order of March 10, 2011.

    Plaintiffs ultimately sought a total of $1,125,091.97 at the inquest. The magistrate judge now has issued another report and recommendation (the "Second R&R"), which recommends an award of $2,996 with interest and that I issue an order that plaintiffs show cause why sanctions should not be imposed against them. Plaintiffs now disavow any request for judgment against defendants McCourt and Walters and object to the recommended award as against Satellite as grossly insufficient and unwarranted as well as the recommendation that I issue an order to show cause with respect to possible sanctions.

    The magistrate judge recommends denial of any contractual damages on the grounds that (a) the Penn Station and Baldwin franchise agreements contain North Carolina governing law clauses but the plaintiffs cited briefly to New York, not North Carolina, law and thus failed to establish that they are entitled to any damages for breach of those agreements, and (b) they improperly sought damages for breach of the Milford franchise agreement, which was not mentioned

2

in the complaint, and failed to establish damages for breach of the Milford lease, which was.

It is entirely likely that the entry of the default judgment mooted the governing law issue, as it established liability and left for determination only the amount of damages. In any case, the magistrate judge points to no material difference between New York and North Carolina law on any issue pertinent to this case. The reference to New York rather than North Carolina law, even if technically mistaken, is not a basis convincing to me for denying damages.

The magistrate judge, however, is on sounder ground with respect to his concern that some of the damages sought at the inquest were for alleged breaches of the Milford franchise agreement, a category of damages not recoverable in light of Rule 54(c) given the failure of the complaint to allege breach of that agreement. Certainly the proposition that a default judgment may not grant relief "different in kind from, or exceed[ing] in amount, what is demanded in the pleading" is correct. Fed. R. Civ. P. 54(c). So too is the fact that the complaint did not seek damages for breach of the Milford franchise agreement. The conclusion, however, that plaintiffs sought any material amount of damages for breach of that franchise agreement turns out to be incorrect, although it is readily seen how the plaintiffs inadvertently led the magistrate judge to think otherwise.

The central document in the plaintiffs' quantification of damages for the inquest was the affidavit of H. Clark Beeson, C.P.A. That affidavit claimed that defendants owed plaintiffs the following debts amassed through their operation of the Satellite stores:

| | |
|---|---:|
| Products, Ingredients and Advance Amounts Due | $ 345,820.08 |
| Royalty Fees Due | 45,650.98 |
| Brand Fees Due | 6,206.76 |
| Amount due under July 10, 2009 note | 129,399.15 |
| Total | $527,076.97[1] |

The magistrate judge construed this damage calculation, "presented through Beeson's affidavit, [as] includ[ing] damages on a claim that was never alleged in the verified complaint – breach of the Milford franchise agreement." He added that the damages wrongly included were in the Products, Royalty and Brand Fees figures referred to above. Second R&R at 16-17. One must, however, look to the spreadsheets in the Beeson affidavit to see just what was claimed here.

It is true that the spreadsheets for the first three categories listed above contain amounts attributed to Milford – $54,975.02 in the Products category, $902.30 in the Royalty category and $249.08 in the Brand Fees category. Beeson Aff. Exs. B, C, D. But, as the plaintiffs demonstrate in their objections and as is corroborated in the backup to the Products spreadsheet that is in Exhibit B to the Beeson affidavit, virtually the entire $54,975.02 included in respect of Milford

---

[1] To this figure must be added taxaable costs of $34,160 and attorneys fees of $563,855, bringing the total to $1,125,091.97.

3

in the Products category was for advances by plaintiffs to pay real estate taxes and rent on the Milford store. This was specifically claimed in the complaint. Moreover, the few small items that were not recoverable for breach of the lease were recoverable as elements of damages under Section 27.1 of the Penn Station and Baldwin franchise agreements for the reasons set forth in the objections.

In all the circumstances, the objections to the Second R&R are sustained. The Court declines to issue the order to show cause with respect to possible sanctions. Plaintiff shall have judgment against defendant Satellite in the amount of $1,125,091.97 together with post-judgment interest pursuant to 28 U.S.C. § 1961. The Clerk shall enter judgment accordingly and close the case.

SO ORDERED.

Dated:   June 19, 2013

_____
Lewis A. Kaplan
United States District Judge